**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**

**VERSUS**

**CHARLES JACKSON**

**CRIMINAL**

**NO. 08-CR-69-JWD-SCR**

## RULING

Charles E. Jackson moves this Court to alter the June 4, 2009 Judgment in which he was sentenced, complaining that, in calculating his sentence, he was not given credit for the time he spent in custody awaiting sentencing. (Doc. 62). The motion is opposed. (Doc. 64).

In its opposition, the United States correctly points out that "it is the Attorney General, through the Bureau of Prisons rather than a district court, who bears the responsibility for calculating credit, under [18 U.S.C.] § 3585, for time served by a defendant." (Doc. 63, p. 2, citing *U.S. v. Wilson*, 503 U.S. 329, 332-336 (1992)). Mr. Jackson must utilize the administrative remedy provided in 28 C.F.R. § 542.10 *et. seq.*, and only after exhausting his administrative remedy may he seek judicial review in district court. *See Wilson*, 503 U.S. at 335-336; *U.S. v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992); *Day v. Seanez*, 24 F.3d 238 (5th Cir. 1994) (unpublished).

If and when Mr. Jackson has exhausted his administrative remedy, he must pursue relief via 22 U.S.C. § 2241 (*see, e.g. Seester v. U.S.*, ___ U.S. ___, 132 S. Ct. 1463, 1473 (2012)), but only in the district possessing jurisdiction over the prisoner or his custodian. *U.S. v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). For the foregoing reasons, the motion is DENIED.

Signed in Baton Rouge, Louisiana, on <u>November 5, 2015</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**