UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHARLES JACKSON                           CASE NO.: 08-CR-69-JWD-SCR
    PETITIONER

VERSUS

UNITED STATES OF AMERICA
    RESPONDENT

## RULING ON PETITION FOR RECONSIDERATION

Before the Court is the Petition for Reconsideration filed by Charles Jackson (Doc. 66). In his petition, Jackson states that "he is not asking the Court to grant jail credit except as it originally ordered at his sentencing hearing." (Doc. 66, p. 1.) Jackson reiterates "The Petitioner is not asking the Court fo issue him jail credit but [ ] to put in his judgment that the Court orally pronouncement (sic) sentencing." (Id.) Specifically Jackson asks that the Court "issue a new judgment with its oral pronouncement that recommended he be given credit for time served." (Id. at p. 2.)

The Court has reviewed the transcript of Mr. Jackson's sentence (a copy of which is attached hereto and made a part hereof) and there is no recommendation by the Court that he be given credit for time served in pretrial detention. Accordingly, the Petition for Reconsideration is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 4, 2016.

                                              JUDGE JOHN W. deGRAVELLES
                                              UNITED STATES DISTRICT COURT
                                              MIDDLE DISTRICT OF LOUISIANA

ALMOND RICHARDSON/MR. MOORE                          8/13/2009

1              UNITED STATES DISTRICT COURT

2              MIDDLE DISTRICT OF LOUISIANA

3

4  UNITED STATES OF AMERICA        :
                       PLAINTIFF   :   CRIMINAL ACTION NO.
5       VS.                        :   08-69-FJP
                                   :   JUNE 4, 2009
6  CHARLES JACKSON, JR.            :
                       DEFENDANT   :
7  ================================================================

8                  TRANSCRIPT OF SENTENCING

9          BEFORE THE HONORABLE FRANK J. POLOZOLA

10                UNITED STATES DISTRICT JUDGE

11 ================================================================

12

13                   A P P E A R A N C E S:

14 FOR THE UNITED STATES OF AMERICA:

15    ROBERT PIEDRAHITA, ESQUIRE
      UNITED STATES ATTORNEY'S OFFICE
16    MIDDLE DISTRICT OF LOUISIANA
      777 FLORIDA STREET, SUITE 208
17    BATON ROUGE, LA 70801

18 FOR THE DEFENDANT ALMOND J. RICHARDSON:

19    ANTHONY BERTUCCI, ESQUIRE
      ATTORNEY AT LAW
20    BATON ROUGE, LOUISIANA

21       REPORTED BY:  ESTELLA O. CHAMPION, CRR, RDR.

22  _____

23                UNITED STATES COURTHOUSE
                    777 FLORIDA STREET
24              BATON ROUGE, LOUISIANA 70801

25

1       (Court is called to order.)
2       THE COURT: Good morning.
3    Call the first matter.
4       THE DEPUTY CLERK: Okay. Criminal 08-69, United
5    States of America versus Charles Jackson, Junior.
6       MR. PIEDRAHITA: Good morning, your Honor. Robert
7    Piedrahita for the United States.
8       MR. BERTUCCI: Your Honor, Anthony Bertucci for
9    Mr. Jackson.
10      THE COURT: Okay.
11   Mr. Jackson, you understand you're here for sentencing?
12      THE DEFENDANT: Yes, sir.
13      THE COURT: Okay. And you recall last time we were
14   here, I told you because of certain legal restrictions on my
15   part that I couldn't accept the plea agreement that had a
16   binding sentence of 20 years? Do you understand that?
17      THE DEFENDANT: Yes, sir.
18      THE COURT: And I think I told you that, because I
19   couldn't accept it the way it was presented, you had a right to
20   withdraw your not-guilty plea -- I mean your guilty plea and
21   enter not-guilty pleas, and you would have a right to go to
22   trial in this case. Do you understand that?
23      THE DEFENDANT: Yes, sir.
24      THE COURT: Or you also had a right to say that you
25   still wanted to plead guilty to the three counts involved and

1  just proceed without the plea agreement, which limited your
2  sentence to 20 years. Do you understand that?
3          THE DEFENDANT: Yes, sir.
4          THE COURT: And I gave you a week or so to decide
5  what you wanted to do, gave your lawyer some time to decide
6  what you wanted to do, and we're back here again today.
7       So, Mr. Bertucci, what is his decision?
8          MR. BERTUCCI: My understanding, your Honor, is that
9  we're going to proceed with the sentencing. Correct?
10         THE DEFENDANT: Yes, sir.
11         THE COURT: You want to proceed without the plea
12 agreement?
13         THE DEFENDANT: Yes, sir.
14         THE COURT: Okay. And you understand you do have a
15 right to withdraw your guilty pleas and enter a plea of not
16 guilty and go to trial in these cases?
17         THE DEFENDANT: Yes, sir.
18         THE COURT: Now, I'll give you whatever you want --
19 I'll allow you to say whatever you want to say, but let me --
20 I'm not trying to be difficult in this case -- Count Two has to
21 be a consecutive sentence. Counts One and Three can be
22 concurrent.
23      The problem with Count One is the range is 151 to 188.
24 There was no grounds that I saw to depart downward under the
25 guidelines or to give a variant sentence under 3153(a).

1   Having said that, I don't think it's necessary for me to
2   go at the high ends of the guidelines, which would be 188
3   months. I think the proper course for me is to stay at the low
4   end of the guidelines, which is 151; which means instead of a
5   240-month sentence that you would have gotten under the plea
6   agreement, it would be 271 months. And I'm going at the low
7   end of the guideline.
8       Although I will say, with your kind of record, there
9   should be an upward departure, much less than a downward
10  departure, and I should have stayed at 188; which my intent was
11  to stay there, because I think your type record justifies such
12  a sentence. But considering the fact that this sentence has to
13  run consecutive to what you're already facing in state court, I
14  think a sentence of 151 on Count One, 120 on Count Three, which
15  are to run concurrently, and 120 on Count Two, which has to be
16  consecutive, would be appropriate under the facts of the case.
17      Now, that's what I intend to do, but you still have a
18  right to say whatever you want to say before the Court
19  officially imposes sentence. Do you understand that?
20          THE DEFENDANT: Yes, sir.
21          THE COURT: And it's unusual to tell you in advance
22  what I'm going to do.
23          MR. BERTUCCI: Yes, it is.
24          THE COURT: But I just feel like we had so many, so
25  much of a discussion last time. I mean, really, this is a

1  case -- and I'm sure everybody has reasons for doing what they
2  are doing. But really, this is really not a case to have a
3  specific type sentence which will require me to violate certain
4  sentencing rules that I don't think can be, should not be
5  violated.
6        So you still have a right to say whatever you want to say.
7  You know, you have that other sentence in state court that you
8  still have to be sentenced. You have been in custody since
9  March 3, 2008 on that. I think -- has your probation -- has
10 your parole been violated yet? Have they found you officially
11 in violation and sentenced you?
12              THE DEFENDANT: Yes, sir.
13              THE COURT: And what did you get?
14              MR. BERTUCCI: Your Honor, they have not, they have
15 not officially sentenced him. He has been violated -- I guess
16 I'm confused.
17       We did get a letter and said that he was violated. They
18 visited him and he violated himself, and that he was violated
19 and that they were going to institute the sentence.
20       And I'm looking towards the probation office.
21              THE COURT: Yes. We have a note yesterday. Could
22 you just give me --
23       As long as Estella can hear you.
24              PROBATION OFFICER: Yes. The government actually
25 offered a note, but basically it's stating that he has agreed

1   to the stipulation; and that once he is sentenced here, it's
2   almost automatic that his parole will be revoked.
3       So it's what's going to happen in the future.
4           THE COURT:  Is that what you got, Mr. Piedrahita?
5           MR. PIEDRAHITA:  Yes, sir.
6       Here's the letter.  I'll file it in the court record as
7   U.S. Exhibit Number 1.  It's basically revoking him.
8           THE COURT:  Okay.  I read it yesterday.
9       Okay.  You still have a right to say whatever you want to
10  say before I impose sentence.  I'm giving you the lowest I can
11  give you under the guidelines, and what I believe, and what the
12  statute requires; but you still have a right to say whatever
13  you want to say.
14          MR. BERTUCCI:  And I thank your Honor for telling us
15  ahead.
16      So my understanding is it would be a 271-month sentence?
17          THE COURT:  It would be 151 months at just the low
18  end of the guideline on Count One.  Could be 188.
19          MR. BERTUCCI:  Right.
20          THE COURT:  The reason I have to say why I'm giving
21  151 instead of 188, and the basic reason is there's about a
22  seven-year state sentence that he has to serve, and this is
23  consecutive.  Okay?  This sentence will run consecutive.
24      Count Three is 120 months.  By statute these two are
25  running consecutive.  Count Two -- I mean, these two run

1  concurrent. Count Two has to be consecutive. So when you add
2  151 and 120, you get 271.
3        The plea agreement capped it out at 240, so it's 31 months
4  difference.
5            MR. BERTUCCI: Correct.
6            THE COURT: I mean, I'm not negotiating.
7            MR. BERTUCCI: I know you're not. And I appreciate
8  you just telling us ahead of time, because I can probably save
9  my breath, your Honor, on some things I want to tell the Court.
10       Your Honor, just briefly I would suggest to the Court, and
11 I think -- I don't know if the Court has considered some
12 testimony that was presented from Dr. Havla regarding
13 Mr. Jackson's problem?
14       I would ask you to consider it for two reasons: One for
15 sentencing, and the other one, of course, for your referral on
16 your suggestion to the Bureau of Prisons for treatment under
17 their drug program, your Honor.
18       And I have nothing else to say.
19       And I don't think -- and Mr. Jackson has nothing to say,
20 your Honor. He stands ready to be sentenced.
21           THE COURT: Okay. Let me make some calculations so
22 that everything is in order.
23       The offense level is -- having adopted the factual
24 findings and calculations made by the probation department, the
25 offense level is 29, Criminal History Category is VI. On Count

1   One, the guideline provision is 151 to 188 months; Count Two is
2   10 years to life, under the guidelines it's 120 months; and
3   Count Three is 120 months for the guideline provision.
4       The defendant is not eligible for probation. Supervised
5   release is, on Count One is five years; on Count Two is three
6   to five years; on Count Three is two to three years.
7       The fine range is 15,000 to $4 million. Restitution under
8   18, United States Code Section 3663(c)(1) is, on Count One is
9   not to exceed the fine imposed.
10      On special assessment, it's $100 per count, for a total of
11  $300.
12      Are you ready for me to sentence him?
13          MR. BERTUCCI: Absolutely, your Honor. Yes, sir.
14          THE COURT: Does the government have anything?
15          MR. PIEDRAHITA: No, your Honor.
16          THE COURT: Okay. This is a case where we have a
17  defendant who has a very outstanding record. His criminal
18  history reveals three juvenile arrests, 13 adult arrests, 12 of
19  which resulted in either adjudication or a conviction.
20      His arrest history reflects extensive criminal background
21  involving drugs, firearms and theft. And looking at the
22  record, it looks like to the Court that the defendant has spent
23  most of his teenage and adult life incarcerated. That goes
24  back to when he was 14.
25      The defendant was on -- well, committed -- the defendant

1   committed this crime while he was on parole for distribution of
2   Schedule II narcotic drugs in a drug-free zone and also for
3   simple escape. And this crime was committed less than two
4   years after release from imprisonment. And the Court gave him
5   acceptance of responsibility.
6        As I said earlier, the Court chose to sentence the
7   defendant at 151 months on Count One because of the fact that
8   the Court knows that he has somewhere around seven years to
9   serve on his state court problems. And this sentence that the
10  Court imposes, is imposing is going to run consecutive.
11       When you consider seven years, which is 84 months, and
12  when you add to the fact that the defendant will serve 271
13  months here in federal court, we're looking at 355 months. I
14  think that will surely protect the public from further crimes
15  committed by this defendant. It will show that -- it will show
16  that the respect for law, that the Court believes this
17  defendant doesn't have, it should show others who want to
18  commit these kind of crimes that getting involved in federal
19  court and drugs and guns is going to result in serious
20  sentences.
21       The defendant does need some treatment; and, you know, I
22  think substance abuse treatment, vocational training, education
23  are obviously needed wherever the defendant is incarcerated.
24       So having given these reasons -- and I adopt whatever I
25  said last week, last time we were here and earlier this

1   morning -- it's the judgment of the Court that, having
2   considered the United States Sentencing Commission Guidelines
3   Manual and the sentencing factors enumerated in 18, United
4   States Code, Section 3553(a), it's the judgment of the Court
5   that the defendant Charles Jackson, Junior is hereby committed
6   to the custody of the Bureau of Prisons for a term of 151
7   months on Count One, 120 months on Count Three, to run
8   concurrently, and a term of 120 months on Count Two to be
9   served consecutively to Counts One and Three, for a total of
10  271 months.
11      The term of imprisonment imposed by this judgment shall
12  run consecutive to the defendant's imprisonment under state
13  sentence, Docket Number 13-405 and 13-539.
14      The Court recommends to the Bureau of Prisons that the
15  defendant be placed in a facility where he will receive
16  substance abuse treatment, vocational training, and/or GED
17  preparation, education.
18      Upon release from imprisonment, the defendant shall be
19  placed on supervised release for a term of five years.  The
20  term consists of a term of five years on Counts One and Two and
21  a term of three years on Count Three, all terms to run
22  concurrently.
23      Within 72 hours of release from the custody of the Bureau
24  of Prisons, the defendant shall report in person to the
25  probation office in the district to which he is released.

1  While on supervision, the defendant shall comply with the
2  13 standard conditions, special conditions 1, 2, 3, 4, 6, 11
3  and 26 adopted by the Court in detail in General Order 2005-05.
4      In summary, the defendant shall abide by the mandatory
5  conditions required by law; and submit to drug urinalysis
6  required by law; shall not possess a firearm or other weapon;
7  shall participate in DNA testing; shall participate in the
8  substance abuse treatment program; shall pursue vocational
9  training, and allow search and seizure as required by law.
10     The Court finds the defendant does not have the ability to
11 pay a fine; therefore, the Court will waive the fine in this
12 case. However, the defendant shall pay to the United States a
13 special assessment of $100 per count, for a total of $300,
14 which shall be due immediately.
15     Now, sir, to the extent that you have any appeal rights --
16 because the only section of the plea agreement that I didn't
17 accept was the part of the plea agreement that mandated the
18 specific sentence -- you can enter your appeal on any of the
19 issues involved in this case now or you can wait and talk to
20 your lawyer and enter it later, as long as you file your notice
21 of appeal within ten days of today.
22     If you don't have the funds to take an appeal, the Court
23 will allow you to appeal without payment of costs.
24     So do you want to enter an appeal now or do you want to
25 wait and discuss it and enter it later?

1        MR. BERTUCCI:  Um, I guess out of safety, your Honor,
2   I would like to enter it now.
3        I plan to withdraw from the case, your Honor, and I just
4   wanted to have him have the ability to retain the public
5   defender's office if it's possible.  And I don't know the
6   answer to that question.
7        THE COURT:  Well, if you withdraw --
8        MR. BERTUCCI:  Let me withdraw my request, your
9   Honor.  Let me withdraw my request.
10       I plan to withdraw and I'm talking to him about a future
11  appeal.
12       THE COURT:  Okay.  But if you withdraw, what we
13  usually do is give it to the public defender, who then selects
14  either himself or a member of the panel.
15       But the key thing is -- and I don't want somebody to come
16  back regarding a notice of appeal.
17       The key thing is whether he wants to enter an appeal now
18  or within the next ten days.  So as I understand it, you don't
19  want to enter an appeal today?
20       MR. BERTUCCI:  No, we don't, your Honor.
21       THE COURT:  Sir, you understand -- Mr. Jackson, you
22  understand you have a right to change your mind and you can
23  enter an appeal within ten days of today?
24       THE DEFENDANT:  Yes, sir.  Yes, sir.
25       THE COURT:  But it has to be filed within ten days of

1  today. Do you understand that?
2         THE DEFENDANT: Yes.
3         THE COURT: All right. Okay. The defendant will be
4  remanded back to the marshal to be returned to state custody
5  and Court will be at recess.
6     Any other motions from the government?
7         MR. PIEDRAHITA: No, your Honor.
8         THE COURT: The next pretrial is when?
9         THE DEPUTY CLERK: 1:30.
10        THE COURT: We're at recess.
11                         -oOo-
12                  REPORTER'S CERTIFICATE
13    I certify that the foregoing is a correct transcript from
14 the record of proceedings in the above matter.
15
16 Date:   January 4, 2016
17                         _____
18                         ESTELLA O. CHAMPION, CCR, CRR, CMR