**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

VERSUS

CHARLES E. JACKSON, JR.

CRIMINAL NO.

08-69-JWD-SCR

RULING AND ORDER

This matter is before the Court on a *Motion for Compassionate Relief* ("*Motion*") filed by Defendant Charles E. Jackson, Jr. ("Petitioner"). (Doc. 81.) In opposition, the Government has filed *United States' Response in Opposition to Defendant's Motion for Compassionate Release* ("*Response*"). (Doc. 85.) Oral argument is not necessary. The Court has considered the facts, the applicable law, the arguments of the parties and for the reasons explained below denies the *Motion* without prejudice.

Petitioner pleaded guilty to possession with intent to distribute marijuana and 50 grams or more of crack cocaine, carrying a firearm during and in relation to a drug trafficking offense and felon in possession of a firearm. (Doc. 47.) Petitioner is currently serving a 212-month sentence at the Medium Security Federal Correctional Institution at Yazoo City, Mississippi. (Doc. 81 at 1; Doc. 85 at 1.) Petitioner now moves for compassionate release under the First Step Act "due to the fact that our nation is going through a crisis behind the Coronavirus." (Doc. 81 at 1.) Petitioner asserts that there are 77 cases of coronavirus in the Yazoo City Federal Correctional Institution. (*Id.*) Petitioner also details that his mother is in poor health and that he would like to be with her at this current time. (*Id.*) Petitioner asks the Court for further relief as the Court deems appropriate (*Id.* at 2.)

The Government in opposition argues that Petitioner's Motion should be denied because Petitioner failed to exhaust his administrative remedies. (Doc. 85 at 2 (citing *United States v.*

*Clark*, Crim. No. 17-85, 2020 WL 1557397 at *3, *5 (M.D. La. Apr. 1, 2020) (Dick, C.J.); *United States v. Wicker*, Crim. No. 18-108, 2020 WL 2066728 at *2 (M.D. La. Apr. 29, 2020) (deGravelles, J.); *United States v. Crandle*, Crim. No. 10-35, 2020 WL 2188865 at *2, *4 (M.D. La. May 6, 2020) (Dick, C.J.); *United States v. Douglas*, Crim. No. 97-5, 2020 WL 2319693 at *2 (M.D. La. May 11, 2020) (Dick, C.J.); *United States v. Alexander*, Crim. No. 14-126, 2020 WL 2468773 at *5 (M.D. La. May 13, 2020) (deGravelles, J.)).) The Government also reserves the right to make arguments as to the merits of any motion brought by Petitioner once he exhausts his administrative remedies. (Doc. 85 at 3.)[1]

The Court agrees with the Government. The compassionate release statute provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; . . .
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Thus:

---

[1] The Government also explains that, in this case, a Federal Public Defender was not appointed to represent Petitioner pursuant to this Court's Procedural General Order No. 2020-8. (Doc. 85 at 3.) The Government represents that after screening the *Motion*, the Federal Public Defender "contacted the United States Attorney's Office and advised that the FPD would not be representing defendant." (*Id.*)

as the statute makes plain, prior to filing motions for release in the district court, a prisoner must first exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of his request for release, "whichever is earlier."

*United States v. Koons*, No. CR 16-214-05, 2020 WL 1940570, at *3 (W.D. La. Apr. 21, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "The administrative-exhaustion provision is set out in mandatory terms—the district court can modify a sentence only after the defendant has exhausted administrative remedies." *Id.* "This mandatory language includes no exceptions, equitable or otherwise." *Id.*

Petitioner's *Motion* is silent on whether he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or whether 30 days lapsed "from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A). The Government represents that "pursuant to information provided to the United States by BOP, [Petitioner] did not request that the warden of his institution bring a motion on his behalf." (Doc. 85 at 2.)

Therefore, because Petitioner has failed to exhaust his administrative remedies, this Court must apply the mandatory exhaustion requirement described above and deny Petitioner's motion for lack of jurisdiction. *See Koons*, 2020 WL 1940570, at *3 ("this Court cannot forgive Koons's failure to exhaust, and without exhaustion, the Court lacks jurisdiction over his motion.") (citing, *inter alia*, *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic and the heightened risk at the Oakdale facilities, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief

Reeves requests."); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) ("The Defendant concedes that he has failed to comply with the exhaustion requirements under the statute; therefore, this motion is not ripe for review."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("As noted, Raia failed to comply with § 3582(c)(1)(A)'s exhaustion requirement: . . . Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."); *United States v. Alexander*, No. CR 14-126-JWD-EWD, 2020 WL 2468773, at *5 (M.D. La. May 13, 2020) ("[T]he Court finds that Petitioner has failed to exhaust his administrative remedies, and, on this ground alone, his motion must be denied.").

Accordingly,

**IT IS ORDERED** that the *Motion for Compassionate Release* filed by *pro se* Petitioner Charles E. Jackson, Jr. (Doc. 81) is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Petitioner exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Signed in Baton Rouge, Louisiana, on June 5, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**